IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 05-90607-H4-7 |
| GARY S. MENDEL | § § | Chapter 7 |
| Debtor | § § § | |

| | | |
|---|---|---|
| GULF COAST BANK AND TRUST COMPANY | § § § | |
| Plaintiff | § § | |
| V. | § § | Adversary No. 06-3338 |
| GARY S. MENDEL | § § | |
| Defendant | | |

AMENDED MEMORANDUM OPINION[1]
ON THE DEBTOR'S MOTION
(1) TO DISMISS ORIGINAL COMPLAINT TO DECLARE DEBT NON-DISCHARGEABLE AND OBJECTION TO DISCHARGE
AND
(2) TO DISMISS FIRST AMENDED COMPLAINT TO DECLARE DEBT NON-DISCHARGEABLE AND OBJECTION TO DISCHARGE

I.  INTRODUCTION

On April 13, 2006, Gulf Coast Bank and Trust Company (the Plaintiff) filed an Original Complaint to Declare Debt Non-Dischargeable and Objection to Discharge (the Original Complaint). [Adversary No. 06-3338, Docket No. 1.] After already receiving a two-month extension from this Court, the Plaintiff waited until the day before the extended deadline to file

---

[1] This Amended Memorandum Opinion contains the same Findings of Fact and Conclusions of Law as the initial Memorandum Opinion. [Docket No. 36.] This Amended Memorandum Opinion reflects that the Court has denied the Plaintiff's Motion to Reconsider Order Dismissing Original and Amended Complaint. [Docket No. 32.]

the Original Complaint. The Plaintiff filed the Original Complaint against the incorrect defendant and included substantive facts relating only to that incorrect defendant. On April 17, 2006, after the deadline to file had passed, the Plaintiff filed a First Amended Complaint to Declare Debt Non-Dischargeable and Objection to Discharge (the Amended Complaint) [Adversary No. 06-3338, Docket No. 2.], which correctly named Gary S. Mendel (the Debtor) as the defendant. On April 18, 2006, the Debtor filed a Motion to Dismiss Original Complaint to Declare Debt Non-Dischargeable and Objection to Discharge and to Dismiss First Amended Complaint to Declare Debt Non-Dischargeable and Objection to Discharge (the Motion to Dismiss). [Adversary No. 06-3338, Docket No. 3.]

This Court finds that the Debtor's Motion to Dismiss should be granted because the Plaintiff failed to present any evidence justifying its delay or the mistakes in its Original Complaint. It is unacceptable for a party who has the burden of proof to not produce a single witness or enter any exhibits; allegations in pleadings and oral statements from counsel at a hearing are not a substitute for actual evidence. Further, this Court finds that the Amended Complaint does not relate back to the Original Complaint because the facts described in the Original Complaint arise out of a separate transaction or occurrence.

On July 14, 2006, this Court announced its oral Findings of Fact and Conclusions of Law in open court. This Court has reduced its Findings of Fact and Conclusions of Law into writing in this Memorandum Opinion, which will be entered on the docket. To the extent that any of this Court's oral Findings of Fact and Conclusions of Law conflict with this Court's written Findings of Fact and Conclusions of Law, the written Findings of Fact and Conclusions of Law shall govern and shall be considered amendments to the oral Findings of Fact and Conclusions of Law.

The Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II.    FINDINGS OF FACT

The following are the facts, either as stipulated to or admitted by counsel of record or as admitted in the briefs and filings, set forth in chronological order:

1. On October 14, 2005, the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. [Case No. 05-90607, Docket No. 1.]

2. February 13, 2006, was the last day to file an objection to discharge or a complaint to determine dischargeability of a particular debt. [Case No. 05-90607, Docket No. 8.]

3. On January 20, 2006, the Plaintiff filed a Motion to Extend Time to Object to Discharge. [Case No. 05-90607, Docket No. 18.] The Debtor did not oppose this Motion.

4. On February 10, 2006, the Court granted this Motion and the Clerk of Court entered an order extending the deadline to April 14, 2006, to file an objection to discharge and/or a complaint to determine dischargeability. [Case No. 05-9067, Docket No. 23.]

5. On April 13, 2006, the Plaintiff filed the Original Complaint, and this suit was assigned Adversary No. 06-3338. [Case No. 05-90607; Docket No. 34; Adversary No. 06-3338, Docket No. 1.] However, instead of naming the Debtor as the defendant, the style of the pleading read *Gulf Coast Bank & Trust Company v. Robert Glen Marek*. The body of the Original Complaint only references Robert Glen Marek as the defendant and only

3

references the financial statements of Robert Glen Marek (hereinafter referred to as either the Defendant or Marek). Nowhere in the Original Complaint is the Debtor ever mentioned as being a party/defendant. The only mention of the Debtor in the Original Complaint is in paragraph 80 and 81.[2] [Case No. 05-90607; Docket No. 34; Adversary No. 06-3338, Docket No. 1.] Additionally, in the Original Complaint, the Plaintiff alleged that the Defendant's financial statements were false for the following reasons: (1) the Defendant had cash on hand in the amount of $151,000; (2) the Defendant's 2004 net cash income was $184,800; (3) the Defendant's 2003 "cash flow surplus" was $96,800; and (4) the Defendant's 2004 "cash flow surplus" was $64,800. [Case No. 05-90607, Docket No. 34; Adversary No. 06-3338, Docket No.1.] Moreover, the Original Complaint alleges that "Robert [i.e. Marek] is a close blood relative of Gary Mendel." [Case No. 05-90607, Docket No. 34; Adversary No. 06-3338, Docket No.1.] Finally, the Plaintiff alleges in the Original Complaint that a transfer was made from "the Defendant to Robert Mendel." [Case No. 05-90607, Docket No. 34; Adversary No. 06-3338, Docket No.1.]

6. A few minutes after the filing of the Original Complaint, the Debtor's counsel received ECF notification of the filing of this suit. However, the ECF notification, unlike the Original Complaint—which named Marek as the defendant in the style of the pleading and throughout the Complaint—described the pleading that the Plaintiff filed as "Complaint Objecting to Discharge and Dischargeability by Gulf Coast Bank and Trust Company against Gary S. Mendel."

---

[2] These two paragraphs read as follows: "80. Gary Mendel is a friend of Defendant's, was a shareholder in Houston Drywall, Inc. prior to its bankruptcy, and it was a 1/6[th] interest owner in Classic prior his own separate bankruptcy filing. 81. On information and belief Robert [i.e. the named defendant in the Original Complaint] is a close blood relative of Gary Mendel." The typographical errors in the proceeding quote evidence that the Plaintiff was rushing to complete this eleventh hour complaint.

7. On April 17, 2006, the Plaintiff filed the Amended Complaint. [Adversary No. 06-3338, Docket No. 2.] The Amended Complaint—unlike the Original Complaint—was styled as *Gulf Coast Bank & Trust Company v. Gary S. Mendel,* and the allegations throughout the Amended Complaint were aimed at the Debtor, not Marek. In the Amended Complaint—in amounts different than alleged in the Original Complaint—the Plaintiff alleged that the Debtor's financial statements were false for the following reasons: (1) the Debtor's 2004 net cash income was $205,000; (2) the Debtor's 2003 "cash flow surplus" was $101,000; and (3) and the Debtor's 2004 "cash flow surplus" was $72,000. [Adversary No. 06-3338, Docket No.2.] Nowhere in the Amended Complaint did the Plaintiff allege that the Debtor had listed a false "cash on hand" amount, which was alleged in the Original Complaint. Also, in the Amended Complaint, the Plaintiff alleges that "Gene R. Mendel is a close blood relative of Defendant," which differs from the Original Complaint. Finally, in the Amended Complaint, the Plaintiff alleges that "the Defendant caused the transfer to Gene R. Mendel," again differing from the Original Complaint.

8. On April 18, 2006, the Debtor filed the Motion to Dismiss. This Motion argues that: (1) the Original Complaint should be dismissed for failure to state a claim upon which relief may be granted against the Debtor and for failure to identify the proper defendant in the lawsuit; and (2) the Amended Complaint should be dismissed because it was filed after the deadline of April 14, 2006. The Debtor further asserts that the Amended Complaint should not relate back to the Original Complaint, which was filed one day prior to the deadline, because: (1) the Plaintiff's asserted claim in the Amended Complaint did not arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in

the Original Complaint; (2) the Plaintiff failed to give notice of the action; and (3) the Plaintiff did not conclusively show the Court that the Debtor knew, or should have known, that the cause of action set forth in the Original Complaint was brought against him. [Adversary No. 06-3338, Docket No. 3.]

9. On May 3, 2006, the Plaintiff filed a Response to Defendant's Motion to Dismiss arguing that the Amended Complaint "relates back" to the date of the Original Complaint according to Federal Rule of Civil Procedure Rule 15 because: (1) the amendment arose out of the same transaction set forth in the Original Complaint insofar as the Debtor and Marek guaranteed the same debt, and but for minor variations relating to their separate financial statements, the allegations in the Amended Complaint are almost completely the same as the allegations in the Original Complaint, with the Debtor's name replacing Marek's name on the Amended Complaint; (2) the Amended Complaint was timely because it was filed only two business days after the filing of the Original Complaint; and (3) the Plaintiff provided notice that did not prejudice the Debtor because: (a) on April 13, 2006, the Debtor's attorney received an ECF notification informing him that a Complaint against the Debtor had been filed; and (b) the Debtor, as early as January 20, 2006, had knowledge that the Plaintiff contemplated suing the Debtor when the Plaintiff submitted its request to extend the deadline for filing an objection to discharge and/or a complaint to determine dischargeability. [Adversary No. 06-3338, Docket No. 8.]

10. On July 7, 2006, the Court held a hearing on the Motion to Dismiss. No testimony was adduced, and no exhibits were introduced; only oral arguments were made by counsel for both parties.

11. On July 10, 2006, the Plaintiff filed a Brief in Support of its Opposition to Defendant's Motion to Dismiss Suit. [Adversary No. 06-3338, Docket No. 16.]

12. On July 11, 2006, the Plaintiff filed its Amended Post-Hearing Brief in Support of its Opposition to Defendant's Motion to Dismiss. [Adversary No. 06-3338, Docket No. 17.]

13. On July 12, 2006, the Debtor filed his Brief in Support of Debtor's Motion to Dismiss. [Adversary No. 06-3338, Docket No. 20.]

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction and Venue

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §§ 157(b)(2)(I) and (J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

#### B. Rule 15 and the Court's Discretion

A court exercises its discretion in determining whether to grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 229, 9 L. Ed. 2d 222 (1962); *Guthrie v. J.C. Penny Co.*, 803 F.2d 202, 210 (5th Cir. 1986); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Although Federal Rule of Civil Procedure 15(a) requires that leave "shall be freely given" to amend a complaint, this rule is qualified by the phrase "when justice so requires." FED. R. CIV. P. 15(a). On the other hand, Federal Rule of Bankruptcy Procedure 4004(a), which provides a strict deadline[3] for filing an objection to discharge, has been strictly construed. FED. R. BANKR. P. 4004(a); *KBHS Broad. Co., v. Sanders (In re Boxeman)* 226 B.R. 627, 630 (8th

---

[3] Federal Rule of Bankruptcy Procedure 4004(a) states that, "In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of the creditors under § 341(a)."

Cir. BAP 1998). Moreover, Federal Rule of Bankruptcy Procedure 4007(c) provides an equally strict deadline for filing a complaint to determine dischargeability.[4] FED. R. BANKR. P. 4007(c); *State Bank & Trust, N.A. v. Dunlap (In re Dunlap)*, 217 F.3d 311, 315 (5th Cir. 2000). Therefore, this Court must reconcile the liberal policy of allowing amendment found in Rule 15 and the strict application of Rules 4004 and 4007. *See Boan v. Damrill (In re Damrill)*, 232 B.R. 767, 771-74 (Bankr. W.D. Mo. 1999).

### 1. Plaintiff's undue delay weighs in favor of denying leave to amend.

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," but granting leave is not automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. denied*, 446 U.S. 939, 100 S. Ct. 2161, 64 L. Ed. 2d 793 (1980). Findings of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" are among the factors courts consider in exercising their discretion. *Addington*, 650 F.2d at 666-67 (quoting *Foman*, 371 U.S. at 182). "Untimeliness" or undue delay "can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Steinert v. Winn Group, Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000) (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995)).

In the proceeding at bar, the Plaintiff, when given an opportunity to present evidence at the July 7, 2006 hearing on the Motion to Dismiss, failed to provide any evidence to explain the delay: no testimony was adduced from any witnesses nor were any exhibits introduced. Further,

---

[4] Federal Rule of Bankruptcy Procedure 4007(c) states that, "A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

8

it is undisputed that the Plaintiff knew the identity of the Debtor. A complete absence of any evidence, combined with the fact that the Plaintiff failed to include in the Original Complaint facts it knew, supports denial of the amendment. *See State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). Further, this Court does need to find prejudice to the opposing party—here, the Debtor—in order to deny the amendment. *See Steinert*, 190 F.R.D. at 684 (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

A court may refuse to grant leave when the plaintiff's lack of diligence results in an unreasonable delay. *See Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314-16 (5th Cir. 1996). Where lack of diligence causes the delay, the moving party has the burden to demonstrate "that the delay 'was due to oversight, inadvertence or excusable neglect.'" *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) (quoting *Frank Adam Elec. Co. c. Westinghouse Elec. Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945); *see also Kemper v. Ureco*, Civ. A. No. 88-9618 1991 WL 125178 at *2, (E.D. Pa. Jun. 28, 1991) (explaining that plaintiff's own inexcusable neglect in failing to name the correct party is germane to the trial court's exercise of discretion under Rule 15(a)). Here, even though the Court granted the Plaintiff an extension to file the Original Complaint, the Plaintiff waited until the eleventh hour to file the Original Complaint. Inexcusably and without explanation, the Plaintiff filed an incorrect Original Complaint, and now, without introducing a shred of evidence, seeks further delay by amending the Original Complaint.

### 2. Public policy weighs in favor of supporting of bankruptcy deadlines.

In addition to the above-mentioned factors that courts consider in exercising their discretion to grant or deny leave to amend, the Fifth Circuit has found that the existence of the

9

ongoing bankruptcy proceedings also supports denial of an amended complaint. *Tex. Extrusion Corp. v. Lockheed Corp.* (*In re Tex. Extrusion Corp.*), 844 F.2d 1142, 1158 (5th Cir. 1988). Indeed, the public policy of Chapter 7 bankruptcy supports dismissal. One of the two main goals of bankruptcy is "allowing the debtor a 'fresh start.'" *Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship* (*In re T-H New Orleans Ltd. P'ship*), 188 B.R. 799, 807 (E.D. La 1995), *aff'd*, 116 F.3d 790 (5th Cir. 1997); *see also Poolquip-McNeme, Inc. v. Hubbard* (*In re Hubbard*), 96 B.R. 739, 751 (Bankr. W.D. Tex. 1989) (noting that the "two goals of bankruptcy" are "discharge of honest debtors [and] distribution of non-exempt assets to creditors"). The deadlines for filing objections to discharge and complaints to determine dischargeability are relatively short because to obtain a "fresh start," debtors need to know sooner rather than later whether creditors are going to try to prevent obtainment of a global discharge or at least a discharge of a particular debt. *See Damrill*, 232 B.R. at 773.

In the proceeding at bar, the Plaintiff, by obtaining an extension of the deadline from February 13, 2006 to April 14, 2006, had already delayed the Debtor's receipt of his discharge for two months. The Plaintiff spent the entire two months deciding whether to file suit. This Court has little sympathy for a party who has been granted a two-month extension to file, and then proceeds to file at the last moment. This is especially true as to this Plaintiff who, in haste to file prior to the deadline, made the mistake of filing suit against the wrong person by serving a complaint containing allegations against the wrong person. By filing the Original Complaint against Marek at the eleventh hour of the extended deadline, the Plaintiff took the risk that something might go wrong. It did. The Plaintiff's failure to file this Adversary Proceeding before the extended deadline is jurisdictionally fatal.

### C. The Relation Back Doctrine

The next issue is whether the Amended Complaint naming and asserting allegations against the proper defendant—i.e. the Debtor—relates back to the filing date of the Original Complaint. The Amended Complaint was filed three days after the deadline had expired for filing an objection to discharge and/or a complaint to determine dischargeability. Hence, the Amended Complaint must be dismissed unless it relates back to the Original Complaint, which was filed one day prior to the deadline.

Relation back is governed by Federal Rule of Civil Procedure Rule 15(c). Federal Bankruptcy Rule 7015 sets forth that Federal Rule of Civil Procedure 15 applies to adversary proceedings. Hence, this Court must look to Rule 15(c) to determine if the Amended Complaint relates back to the Original Complaint. Using the elements set forth in *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986), the Fifth Circuit has held that relation back is dependent on the following four elements:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the limitations period.

*Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992) (quoting *Schiavone*, 477 U.S. at 29).

Since *Schiavone*, Federal Rule of Civil Procedure 15(c) was amended to replace the limitations period in the fourth element with the period provided by Rule 4(m). FED. R. CIV. P. 15(c). The Fifth Circuit noted that "[t]he only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation

back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown." *Skoczylas*, 961 F.2d at 544.

### 1. The Plaintiff has failed show that the Original and Amended Complaints arose out of the same transaction or occurrence.

To meet the first element, the Plaintiff must prove that the claim asserted in the Amended Complaint arose out of the conduct set forth—or attempted to be set forth—in the Original Complaint. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 216 (5th Cir. 1999); FED. R. CIV. P. 15(c)(2). The Plaintiff argues that it has satisfied this requirement because both the Debtor and Marek guaranteed the same debt owed to the Plaintiff and, with only minor variations relating to their separate financial statements, both made the same misrepresentations. The Court does not find this argument persuasive.

The claims asserted in the Amended Complaint do not arise out of the same conduct, transaction, or occurrence set forth in the Original Complaint because the conduct alleged in the Original Complaint referred solely to Marek's actions, while the conduct alleged in the Amended Complaint referenced the Debtor's actions. The Court believes that the Plaintiff could have satisfied the conduct element if the allegations within both the Original and Amended Complaint had all been directed at the Debtor, with the style of the suit at the top of the first page of the Original Complaint (naming Marek as the defendant instead of the Debtor) being the only error. However, this is not the case. The Original Complaint was entirely a complaint against Marek and included only facts relating to Marek, while the Amended Complaint was entirely a complaint against the Debtor based on a different set of facts applying only to the Debtor. Under these circumstances, the Court finds that the Plaintiff has failed to meet this first element.

2. **The Debtor received notice within the period set forth in Rule 15(c).**

The second element of the *Schiavone* test requires the Plaintiff to show that "the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense." *Skoczylas*, 961 F.2d at 545. The Supreme Court described this notice requirement in *Schiavone* as the "linchpin" of the relation back doctrine. *Schiavone*, 477 U.S. at 31. As discussed above, Rule 15(c) was amended to address the problem of misnamed parties. *Skoczylas*, 961 F.2d at 545. Under amended Rule 15(c), the added party is not prejudiced so long as it received notice within 120 days following the filing of the complaint. *Id.* Here, the Plaintiff filed and served the Amended Complaint on the Debtor only four days after the filing of the Original Complaint. Because the Debtor received notice of the Amended Complaint well within the 120 day period set forth in Rule 15(c), the Plaintiff has satisfied this element of the relation back doctrine.

3. **The Plaintiff failed to show that the Debtor knew, or should have known, that he would have been the defendant in the action but for the mistaken identification.**

The *Schiavone* test further requires that the Debtor knew, or should have known, that but for a mistake concerning identity, the action would have been brought against him. *Skoczylas*, 961 F.2d at 545. The Original Complaint made no allegation that the Debtor did anything wrong. [Case No. 05-90607, Docket No. 34; Adversary No. 06-3338, Docket No. 1.] This Court cannot assume that the Debtor knew he was being sued when the Debtor is only mentioned in paragraphs 80 and 81 of the Original Complaint describing his relationship to Marek. *Id.*

Moreover, the burden of proof is on the Plaintiff, as the movant, and the Plaintiff failed to introduce any evidence to prove that the Debtor knew, or should have known, he was being sued. The Plaintiff argues that the Debtor either knew, or should have known, that he was being sued

because the Plaintiff first obtained an extension of the deadline earlier in the year, and also because the Debtor's counsel received ECF notification describing the suit as a complaint against the Debtor. The Court finds this information insufficient to conclude the Debtor knew, or should have known, that he was being sued. The ECF notification certainly referred to the Debtor, not to Marek, but the Complaint itself referred to Marek on both the caption located on the first page as well as throughout the Complaint for all allegations. If anything, the Debtor and his counsel could have reasonably concluded that the Debtor had not been sued and that the ECF notification was in error. As the Third Circuit has observed:

> Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15(c)(3) is not met.

*Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 (3rd. Cir. 1994) (citing *Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993); *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir. 1979)); *Great Ne. Lumber & Millwork Corp. v. Pepsi-Cola Metro. Bottling Co.*, 785 F. Suppl 514, 516 (E.D. Pa. 1992).

While it may be reasonable to argue that the Debtor and his counsel reasonably concluded that the ECF Notification was not in error and that the Debtor had indeed been sued, the Plaintiff failed to introduce any evidence that the Debtor and his counsel in fact had so concluded. The Plaintiff could have subpoenaed the Debtor to adduce such testimony, but chose not to do so. The Plaintiff also could have attempted to examine counsel for the Debtor on this issue, but chose not to do so. The Plaintiff has the burden of proof but has failed to introduce evidence; therefore, the Court finds that the Plaintiff has failed to meet the third element of the *Schiavone* test.

## IV.  CONCLUSION

Granting leave to amend is not automatic. Rather, it is within the discretion of the court. Under Rule 15(a), a court must utilize several discretionary factors to determine if justice requires allowing the complaint to be amended. In this instance, the Plaintiff failed to present any evidence as to why a delay in filing occurred and how operative facts changed since the filing of the Original Complaint. Moreover, the Plaintiff did not explain its lack of diligence in filing an incorrect Original Complaint at the eleventh hour. Furthermore, bankruptcy policy requires strict enforcement of deadlines to allow a debtor—including the Debtor here—to gain a fresh start.

As applied to Rule 15(c), the Plaintiff has failed to meet two of the four elements of the relation back doctrine: (1) the amended claim did not arise out of the same transaction and occurrence because the allegations in the Original Complaint differed from the allegations in the Amended Complaint; and (2) the Debtor did not know nor had reason to know of the claim against him because a reading of the Original Complaint does not suggest a complaint against the Debtor.

In closing, the Court hopes that two messages become evident to Plaintiff's counsel, and to any attorney reading this Opinion: (1) Waiting until the last minute to beat a deadline is dangerous; and (2) Bring witnesses and exhibits to the hearing when your client has the burden of proof; mere allegations in the pleadings and statements from counsel at the podium are not substitutes for introducing evidence to satisfy the requisite burden of proof.

For all of these reasons, the Defendant's Motion to Dismiss is granted. An order granting the Defendant's Motion to Dismiss has already been entered on the docket. [Docket No. 26.] Further, this Court has reviewed the Plaintiff's Motion to Reconsider Order Dismissing Original

and Amended Complaint [Docket No. 32], and an Order Denying the Plaintiff's Motion to Reconsider Order Dismissing Original and Amended Complaint will be entered on the docket.

Signed this 19th day of September, 2006.

Jeff Bohm
United States Bankruptcy Judge